**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1843
_____

UNITED STATES OF AMERICA

v.

IRA SIMS,
                            Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-20-cr-00204-009)
U.S. District Judge: Hon. Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 6, 2023
_____

Before: SHWARTZ, BIBAS, and AMBRO, <u>Circuit Judges</u>.

(Filed: March 8, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Ira Sims appeals his drug conviction and sentence. We agree with his counsel that there are no nonfrivolous issues for appeal, and so we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Sims, a bulk supplier of controlled substances, sold fentanyl and heroin to a confidential informant on two occasions. After the first sale, Sims posted an image on his Instagram account displaying $100 bills. Law enforcement matched a partial serial number depicted in the image with the numbers on one of the prerecorded bills the informant used to buy the drugs.

Sims was charged with conspiracy to distribute and possess with intent to distribute controlled substances and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. Pursuant to a plea agreement, Sims pleaded guilty to the conspiracy count and the Government agreed to dismiss the remaining count.

The Probation Office then prepared a Presentence Investigation Report ("PSR"), which recommended a United States Sentencing Guidelines range of 100 to 125 months' imprisonment, based on a total offense level of twenty-five and a criminal history category of V. Sims requested a downward variance to eighty-four months based on his difficult upbringing, health conditions, amenability to substance abuse treatment, and his

limited role in the conspiracy.  At the sentencing hearing, the District Court considered the 18 U.S.C. § 3553(a) sentencing factors, and concluded "a sentence within the advisory guideline range to be reasonable, . . . appropriate, and not greater than necessary to meet sentencing objectives" based on Sims' significant criminal history, the seriousness of his offense, and the fact that he was on probation at the time he committed the offense.  It sentenced Sims to 100 months' imprisonment and three years' supervised release.  App. 89.

Sims appeals and his counsel has moved to withdraw.[1]

## II[2]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit."  Third Cir. L.A.R. 109.2(a).  When counsel submits an Anders brief, we must determine: "(1) whether counsel

---

[1] Sims was invited to submit a brief on his own behalf, but he did not do so.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We exercise plenary review to determine whether there are any nonfrivolous issues for appeal.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  Because Sims did not object to any aspect of his conviction or sentence, we review for plain error.  United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).  Additionally, we review the substantive reasonableness of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal. First, the brief demonstrates a thorough examination of the record and identifies three potentially nonfrivolous issues: (1) the District Court's jurisdiction, (2) the validity of Sims' guilty plea, and (3) the reasonableness of Sims' sentence. Second, the brief explains why the District Court's jurisdiction was proper and why any challenge to the plea or sentence would be frivolous under the governing law. Therefore, counsel's brief is sufficient, and there are no nonfrivolous issues warranting an appeal.

B

First, the District Court had jurisdiction to enter the judgment of conviction and sentence. United States district courts have jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. Sims was convicted of an offense against the United States, namely conspiracy to distribute and possess with intent to distribute a mixture or substance containing fentanyl and tramadol in violation of 21 U.S.C. § 846. Accordingly, there is no issue of arguable merit concerning the District Court's jurisdiction.[3]

Second, Sims' guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[4] During the plea hearing, the District Court placed Sims under

---

[3] Sims' counsel also correctly notes that venue was proper pursuant to 18 U.S.C. § 3237(a) because Sims admitted to selling controlled substances in Williamsport, Pennsylvania, which is in the Middle District of Pennsylvania. See United States v. Auernheimer, 748 F.3d 525, 533 (3d Cir. 2014) ("Venue would be proper in any district where the [federal law] violation occurred, or wherever any of the acts in furtherance of the conspiracy took place.").

[4] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Accordingly, Rule 11 requires that a district court advise the defendant of, among other things,

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quotation marks,

oath, questioned him in open court, explained that false answers could subject him to prosecution for perjury, and confirmed his competence. The Court also reviewed his constitutional rights, including (1) his right to plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (2) his right to testify or not testify at trial; and (3) his right to be presumed innocent by the jury unless the Government proved his guilt beyond a reasonable doubt. The Court also informed Sims of the penalties he faced, explained the applicable Sentencing Guidelines, and described other consequences of his plea. Finally, the record shows that there was a factual basis for the plea. Because the plea complied with the Constitution and Rule 11 and the record supports the Court's finding that the plea was knowing and voluntary, there is no issue of arguable merit concerning the plea's validity.

Third, Sims' sentence is procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant factors under 18 U.S.C. § 3553(a). United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

The District Judge fulfilled these procedural requirements. First, the Court's

---

alterations, and citations omitted). A district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. at 203.

Guidelines calculation was supported by the facts and law,[5] and Sims withdrew his only objection to the PSR prior to the sentencing hearing. Second, there were no departure motions and Sims requested only a downward variance. **App. 78-79.** The Court considered the factors in support of a variance, such as Sims' difficult upbringing, health issues, and drug addiction. It balanced these mitigating factors against Sims' multiple prior convictions for drug-related offenses, his limited employment history, and the seriousness of the offense. In particular, the Court noted that Sims was a "manager" of the conspiracy, distributed heroin laced with fentanyl, a particularly lethal substance with a "devastating impact on any community," and committed the offense while on probation. App. 87-88. The Court thus gave "rational and meaningful consideration" to the § 3553(a) factors. Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Based on the above, the Court complied with Gunter and imposed a procedurally reasonable sentence.

The 100-month sentence, which is at the bottom of the Guidelines range, is also substantively reasonable. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for

---

[5] The District Court accurately calculated a Guidelines range of 100 to 125 months' imprisonment based on the offense level of twenty-five and criminal history category of V. The offense level captured the amount of drugs attributable to Sims, his possession of a firearm in connection with the offense, his role as a manager in the offense, as well as his acceptance of responsibility for his actions. The Court also correctly recognized that the offense carried a statutory maximum of twenty years.

the reasons the district court provided." Id. Because the sentence here falls within the Guidelines range, we can presume its reasonableness. See Rita v. United States, 551 U.S. 338, 347 (2007) (concluding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"). Furthermore, given Sims' leadership role in the drug conspiracy, the impact of fentanyl distribution on the community, his extensive criminal history, and his commission of the crime while on probation, we cannot conclude that no reasonable sentencing court would have imposed the same sentence. Thus, any challenge to the substantive reasonableness of Sims' sentence would lack merit.

### III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment and sentence.